# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **HOWARD JACKSON** and **ANGELA PUFF** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| **BERMAN & RABIN, P.A.** ) | |
| ) | |
| Serve at: ) | |
| Michael H. Berman or Registered Agent ) | |
| 15280 Metcalf Avenue ) | |
| Overland Park, Kansas 66223 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COME NOW, Plaintiffs Howard Jackson and Angela Puff, and for their Complaint state as follows:

## INTRODUCTION

1. This is an action for actual and punitive damages brought by individual consumers for abuse of process, conversion, and breach of contract.

2. This is an action for statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiffs' FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Louis

County, Missouri, within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because those claims arise under federal law. This Court has supplemental jurisdiction over Plaintiffs' other claims because those claims arise out of the same set of transactions as the FDCPA claims.

5. Venue is appropriate in this Court because all of the torts referenced herein occurred in this District and because Defendant regularly and systematically collects debts owed another in this District.

## PARTIES

6. Plaintiffs are natural persons currently residing in St. Louis County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA. The alleged debts Plaintiffs owe arises out of consumer, family, and household transactions.

7. Specifically, Plaintiffs believe the alleged debt which they agreed to settle arose from private gym membership fees (the "Bally's debt").

8. As explained below, Defendant had other of Plaintiffs' alleged debts placed in its office simultaneously. Upon information and belief, these debts originated from credit cards and/or bank accounts.

9. Though Defendant's collection activity was based on Plaintiff Howard Jackson's (Howard) Bally's debt, Defendant attempted to collect the debt from both Plaintiffs, and accepted payment of the debt from Plaintiff Angela Puff (Angela). Thus, Angela is a "consumer" and has standing to bring an FDCPA claim in this matter.

10. Colonial Credit Corporation (Colonial) is a foreign dissolved corporation without legal standing to do any of the collection activity referenced herein.

11. Colonial was a Maryland corporation that was dissolved in 2009.

12.     Nonetheless, Colonial hired Defendant to collect on Plaintiffs' Bally's debt.

13.     Defendant Berman & Rabin, P.A. is a foreign professional association with its principal place of business in Overland Park, Kansas.

14.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

15.     Defendant, at all times relevant, has acted with the express consent and knowledge and at the direction of Colonial.

16.     Defendant, at all times relevant, functioned as Colonial's agent.

17.     Defendant has benefitted financially from the services it has performed at the behest of Colonial; Colonial either pays Defendant hourly or pays Defendant a percentage of the amount Defendant stole from Plaintiffs.

## FACTS

### *Collection Activity on the Bally's Debt*

18.     With regard to Plaintiffs' FDCPA claims, Defendant's collection activity of which they complain occurred within the previous twelve (12) months.

19.     In December 2006, the law firm of Kramer & Frank sued Howard on behalf of Colonial with respect to the Bally's debt.

20.     Colonial obtained a default judgment against Howard on the Bally's debt in January 2007.

21.     From 2007 to 2009, Colonial made several attempts to levy Howard's bank accounts and garnish his wages in an attempt to collect the Bally's debt.

22. For unknown reasons, Colonial chose to cease its attempts to collect on the judgment on the Bally's debt in late 2009.

23. At approximately this same time, Colonial ceased to exist as an entity. It filed articles of dissolution with the state of Maryland and has never made any attempt to re-register as a corporation in Maryland or in Missouri.

24. For unknown reasons, Colonial, despite the fact that it ceased to exist as an entity, decided to reinitiate its collection activity on the Bally's debt in late 2011 or early 2012.

25. Colonial hired Defendant to perform this new collection activity on the Bally's debt.

26. Defendant sent Plaintiffs a series of collection letters on the Bally's debt.

27. Beginning in late 2012 and through September 2013, Colonial, via its agent Defendant, again attempted to collect its judgment on the Bally's debt by garnishment.

28. Defendant effected a garnishment on Howard's paycheck in September and October of 2013 of approximately $1,090 in an effort to collect the Bally's debt.

29. Throughout this time, Defendant continued its collection activity on the Bally's debt, including phone calls and collection letters directed to Plaintiffs.

30. During the collection activity that took place in through September 2013, Defendant never indicated to Plaintiffs that it was attempting to collect anything other than the Bally's debt.

31. In one collection letter related solely to the Bally's debt, dated October 15, 2013, Defendant offered Plaintiffs a "settlement" on the alleged debt and encouraged them to call Defendant to make the payment (the "settlement offer letter").

32. The letter stated the "Balance" on the Bally's debt was approximately $2,000.

33. The letter made no mention of interest accruing on Plaintiffs' account.

34. The letter contained no "safe harbor" language that indicated to Plaintiffs that due to accruing interest, fees and/or other charges, that Plaintiff's balance was increasing daily.

35. In reality, Plaintiffs' debt was accruing interest.

36. As such, the letter deceptively failed to state the amount of the debt.

37. Shortly after receiving the letter, Plaintiffs decided to accept Defendant's offer and arranged for payment of the Bally's debt.

38. As part of the settlement arrangement, Defendant assured Plaintiffs that the $1,090 they held from the September garnishment would be released to Plaintiffs so long as Plaintiffs paid the settlement amount Defendant and Plaintiffs agreed to in the wake of the settlement letter.

39. On October 16, 2013, Defendant took the agreed upon settlement payment from Angela's bank account.

40. On October 17, 2013, Defendant sent Plaintiffs a letter stating that the debt had been settled in full (the "settled in full" letter).

41. Defendant filed a release of garnishment and satisfaction of judgment on October 21, 2013.

### *Defendant Took the $1,090 Garnishment and Applied it to Other Debts Without Permission*

42. Unbeknownst to Plaintiffs, some other of their alleged debts had been placed with Defendant for collection.

43. Defendant ultimately refused to return the $1090 that it had garnished from Plaintiffs despite their prior unequivocal promise to do so.

44. Defendant kept about half of the $1090 that it was supposed to return to Plaintiffs.

45. Greatly concerned about Defendant's breach of their arrangement, Plaintiffs called Defendant in late October or early November of 2013 to determine why Defendant was refusing to return the remaining half of the $1090.

46. Defendant told Plaintiffs that it was keeping these funds and that Defendant would refuse to return the funds to Plaintiffs because Defendant was collecting other alleged debts that Plaintiffs supposedly owed other creditors.

47. Defendant told Plaintiffs that it was applying the kept funds to those other debts.

48. Plaintiffs never agreed to Defendant's actions.

49. Outraged by Defendant's breach of their settlement agreement, Plaintiffs demanded a refund.

50. Defendant directed them to contact Colonial for the refund.

51. Defendant has never disclosed to Plaintiffs that Colonial no longer exists as an entity.

52. Plaintiffs tried to call Colonial but someone claiming to be a Colonial representative merely referred them back to Defendant.

53. Plaintiffs contacted Defendant again to determine why the money had been kept and to obtain a refund.

54. Defendant explained that it was allowed to apply the Bally's garnishment to Plaintiffs' other debts because the accounts were "linked."

55. Plaintiffs' other debts were not legally "linked" in any way. They were incurred separately and with different creditors.

56. The debts were merely "linked" within Defendant's computer and filing systems.

57. This "linkage" did not entitle Defendant to apply the Bally's garnishment to any other of Plaintiffs' debts.

58. Defendant has not yet issued Plaintiffs a refund.

59. Defendant's theft has caused Plaintiff to suffer financial hardship.

60. Defendant's theft has also caused Plaintiffs substantial emotional distress, including stress and anxiety of having their settlement arrangement breached and being powerless to combat Defendant's theft.

61. Defendant's actions described above, including but not limited to its refusal to release the garnished funds, were wanton, willful and malicious. Defendant was deliberately indifferent to Plaintiffs' rights, and its behavior shocks the conscience.

62. Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes between themselves and Defendant.

## COUNT I: ABUSE OF PROCESS

63. Plaintiff incorporates all prior paragraphs as if expressly stated herein.

64. Defendant made an illegal, improper, and perverted use of garnishment process by garnishing Plaintiff Howard Jackson's wages on behalf of a non-existent entity and for the purpose of satisfying other debts unrelated to the one for which they had obtained judgment.

65. Garnishment process neither warrants nor authorizes Defendants' unlawful garnishment.

66. Defendants had an improper purpose in exercising its illegal use of garnishment process, namely, to steal Plaintiffs' money.

67. Defendants' abuse of process has caused Plaintiffs damage, including but not limited to the monetary loss described above and emotional distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Punitive damages in the largest amount allowable by law; and

    C.    For such other relief as the Court may deem just and proper.

## COUNT II: CONVERSION

68. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

69. Defendant converted an identifiable fund – a portion of the Bally's debt garnishment – in Defendant's possession for a specific purpose, namely satisfying other debts unrelated to the Bally's debt.

70. Defendant retained approximately $500 of the funds it garnished on the Bally's debt.

71. Plaintiff Howard Jackson had the sole exclusive interest in that fund.

72. Defendant had no right to apply the Bally's debt garnishment to any of Plaintiffs' other debts.

73. Plaintiffs gave Defendant an opportunity to rectify the situation and requested a refund.

74. Defendant willfully and maliciously refused to refund Plaintiffs' money.

75. Defendant's conversion has caused Plaintiffs to suffer actual damage, including monetary loss in the amount of funds taken and emotional damages as a result of the stress and frustration of dealing with Defendant.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages in the largest amount allowed by law; and

C. For such other relief as the Court may deem just and proper.

## COUNT III: BREACH OF CONTRACT

76. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

77. Defendant agreed to return all of the funds they had garnished in exchange for Plaintiffs' payment of a settlement in full on the alleged debt.

78. Plaintiffs fulfilled all of their obligations under the agreement, including the payment of the settlement amount, or tendered performance pursuant to the contract.

79. Defendant's refusal to return all of the funds they had garnished constitutes a breach of contract.

80. Plaintiffs have suffered damages caused by Defendant's breach of contract.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages in the largest amount allowed by law; and

C. For such other relief as the Court may deem just and proper.

## COUNT IV: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

81. Plaintiffs incorporate all prior paragraphs as if fully stated herein.

82. In their attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et. seq., including, but not limited to, the following:

a. Collecting and/or retaining money garnished in connection with a debt that had been settled full and on which Plaintiffs no longer owed any amount. 15 U.S.C. § 1692d-f.

b. Garnishing Plaintiff's wages after the underlying debt had been extinguished. 15 U.S.C. § 1692d-f.

c. Deceptively failing to disclose that interest was accruing on Plaintiff's account. 15 U.S.C. § 1692e.

d. Taking and threatening to take a variety of collection actions that Defendant was not authorized to take because Defendant's supposed client was a non-entity and Defendant could not take any actions on behalf of that entity to collect a supposed debt owed to that entity. 15 U.S.C. 1692d-f.

e. Using deceptive and misleading representations in the collection of a debt, including but not limited attempting to convince Plaintiffs that their other debts in Defendant's office were "linked" with the Bally's debt, collecting on behalf of a non-existent entity, and telling Plaintiffs to contact Colonial regarding their requested refund when Defendant knew that Colonial would not provide one. 15 U.S.C. § 1692d-f.

f. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E.      For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

_____
**RICHARD A. VOYTAS, #52046**
**NATHAN K. BADER, #64707**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**